**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 8, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-41619
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

JUAN CARLOS VARGAS-VASQUEZ, also known as Juan Carlos Mesen-Hernandez,

Defendant-
Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-586-ALL
-------------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written agreement, Juan Carlos Vargas-Vasquez pleaded guilty to illegal reentry after removal from the United States in violation of 8 U.S.C. § 1326(a), (b)(2). He appeals his conviction and sentence of 77 months of imprisonment.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Vargas-Vasquez argues that the district court violated his due process rights, as well as 18 U.S.C. § 4244, when it failed to order a competency hearing. He maintains that a competency evaluation should have been ordered because he was agitated and irrational at sentencing and asserted that the Government was trying to harm and poison him. He raises this contention despite defense counsel's admission at sentencing that he had no problems communicating with Vargas-Vasquez before sentencing. In part, he justifies this by citing (1) the presentence investigation report's reference to questions about Vargas-Vasquez's competency in prior proceedings; (2) the absence of any indication in the record that the district court reviewed Vargas-Vasquez's medical records; and (3) the absence in the record of any indication of who performed the prior evaluations of Vargas-Vasquez and whether any written diagnosis was issued.

During the Rule 11 hearing, Vargas-Vasquez responded lucidly and stated, under oath, that he was in good mental and physical health and that he had never been treated for any mental illness, mental disorder, or addiction to drugs. He failed to offer any prior medical opinions establishing that he was or had been incompetent. Further, the presentence investigation report noted that there was no indication that Vargas-Vasquez was suffering from any kind of mental or emotional problems. Given the totality of the circumstances, the district court did not abuse its discretion when it failed to order a competency hearing. *See United States v. Messervey*, 317 F.3d 457, 463 (5th Cir. 2002).

Vargas-Vasquez argues for the first time on appeal that the district court erred in imposing a sentence under a mandatory guidelines regime, in violation of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 756-57 (2005). He also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. We need not decide the applicability of the

waiver in this case because the issues that Vargas-Vasquez raises lack arguable merit or are foreclosed.

We review Vargas-Vasquez's *Booker*-based challenge for plain error. *See United States v. Martinez-Lugo*, 411 F.3d 597, 600 (5th Cir.), *cert. denied*, 126 S. Ct. 464 (2005); *United States v. Valenzuela-Quevedo*, 407 F.3d 728, 732-33 (5th Cir.), *cert. denied*, 126 S. Ct. 267 (2005). Vargas-Vasquez concedes he cannot establish a reasonable probability that the district court likely would have sentenced him differently under an advisory guidelines regime. Therefore, he cannot establish plain error. *See Valenzuela-Quevedo*, 407 F.3d at 733; *United States v. Mares*, 402 F.3d 511, 520-21 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). He argues, for the purpose of preserving further review, that the error is structural, or at least presumptively prejudicial, such that he is not required to establish that his substantial rights were affected under the third prong of the plain-error test. As he correctly concedes, this court has rejected these arguments. *United States v. Malveaux*, 411 F.3d 558, 561 n.9 (5th Cir.), *cert. denied*, 126 S. Ct. 194 (2005).

Vargas-Vasquez's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Vargas-Vasquez contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez-Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Vargas-Vasquez properly concedes that his argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, but he raises it here to preserve it for further review. Accordingly, the conviction and sentence are AFFIRMED.